Eastern District of Kentucky
F I L E D
DEC 13 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DENNY R. GULLETT, )
　)
Petitioner, ) Civil No. 0:18-118-HRW
　)
v. )
　)
J.C. STREEVAL, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )
　)

\*\*\* \*\*\* \*\*\* \*\*\*

Denny R. Gullett is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Gullett recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Gullett's petition.

In 1994, a jury convicted Gullett of maliciously damaging a building by means of an explosive, resulting in death. Under the law in place at the time of sentencing, the district court had the authority to sentence Gullett to any term of years; however, it could not impose a life sentence unless the jury offered such a recommendation. The district court interpreted this law as placing a limitation on its authority to impose a sentence that exceeded Gullett's life expectancy. The district court also took the view that good-time credits could be considered when imposing Gullett's

1

sentence. The district court calculated Gullett's life expectancy and found it to be 33.8 years. The district court then sentenced Gullett to 38 years in prison, which, when good-time credits were considered, was set to result in a period of incarceration of 33.1 years.

Gullett filed a direct appeal with the United States Court of Appeals for the Fourth Circuit, and he argued, among other things, that his 38-year sentence was illegal because it exceeded his life expectancy. *See United States v. Gullett*, 75 F.3d 941, 948-51 (4th Cir. 1996). The Fourth Circuit determined that "the district court correctly concluded that it could not impose a sentence that exceeded Gullett's life expectancy," but it added that the district court properly considered Gullett's good-time credits when it imposed its sentence. *Id.* at 951. Thus, the Fourth Circuit concluded that the district court did not exceed statutory limits when it sentenced Gullett to 38 years in prison. *Id.*

Years later, Gullett filed a § 2241 petition with this Court, and he alleged that new vital statistics life tables indicated that his life expectancy was shorter than calculated by the trial court judge. *See Gullett v. Holland*, No. 0:10-cv-082-HRW (E.D. Ky. 2010). This Court, however, concluded that Gullett could not raise his claim in a § 2241 petition, and, thus, it denied his request for relief. *See id.* at D. E. No. 6. Gullett appealed, but the United States Court of Appeals for the Sixth Circuit agreed "that Gullett could not bring his claim under § 2241." *Gullett v. Holland*,

2

No. 10-6201 (6th Cir. July 6, 2011). Thus, the Sixth Circuit affirmed the denial of Gullett's petition. *Id.*

Gullett has now filed another § 2241 petition with this Court. [D. E. No. 1]. Gullett argues, among other things, that recent case law "makes it clear that the sentence imposed upon his conviction is 38 years (not 33.1 years), a sentence that exceeds his life expectancy . . ., and a sentence that exceeds the maximum sentence allowed under the circumstances of his case." [D. E. No. 1 at 5]. Gullett cites multiple cases to support his petition, including but not limited to the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), as well as the United States Supreme Court's decisions in *Barber v. Thomas*, 560 U.S. 474 (2010), and *Pepper v. United States*, 562 U.S. 476 (2011).

Gullett's petition constitutes another impermissible attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See*

3

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Gullett cannot use a § 2241 petition as a way of challenging his sentence.

Gullett nevertheless argues that he can attack his sentence in a § 2241 petition. It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, the Sixth Circuit explained that the petitioner must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Court also explained that its decision addressed only a narrow subset of § 2241 petitions—those involving a "subsequent, retroactive change in statutory interpretation by the Supreme Court [that] reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 600.

Those circumstances do not apply in this case. That is because Gullett has not identified a retroactive change in statutory interpretation by the Supreme Court demonstrating that his sentence amounts to a miscarriage of justice or fundamental defect. While Gullett has cited the Supreme Court's decisions in *Barber* and *Pepper*, neither of those cases involved the kind of subsequent, retroactive change in statutory interpretation that would make Gullett's § 2241 petition cognizable. Moreover, Gullett's case does not involve the kind of career-offender-sentence-

enhancement issue that was at play in *Hill v. Masters*. In short, Gullett's § 2241 petition is simply unavailing.

Accordingly, it is **ORDERED** that:

1. Gullett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 13th day of December, 2018.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**